UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE MELANCON, and his wife, KERA MELANCON, individually and on behalf of their minor children, KALLYE, PEYTON, AND KOBY<br><br>VERSUS<br><br>GAUBERT OIL COMPANY, INC. AND LOW LAND CONSTRUCTION CO., INC. | CIVIL ACTION<br><br>NO. 17-2905<br><br>SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the Rule 12(b)(6) Motion (Rec. Doc. 10) filed by defendant Low Land Construction Co., Inc. ("Low Land") and seeking dismissal of the plaintiffs' claims for non-pecuniary damages. The Motion is opposed by the plaintiffs Dwayne and Kera Melancon, individually and on behalf of their children, Kallye, Peyton, and Koby. (*See* Rec. Doc. 11). Now, having considered the submissions of the parties, including Low Land's reply memorandum (Rec. Doc. 14), the record, and applicable law, the Court grants the Motion, finding that neither a seaman nor his dependent family members can recover non-pecuniary damages against a third party non-employer under general maritime law.

**I.    BACKGROUND**

Plaintiff, Dwayne Melancon, a Jones Act seaman,[1] is joined by his wife and children (together, "Plaintiffs") in bringing this lawsuit under the general maritime law for injuries purportedly sustained on or about August 24, 2016, while Melancon was working as a tankerman

---

[1] Plaintiffs invoke the jurisdiction of this Court under the Jones Act, 48 U.S.C. § 688, and general maritime law, and Plaintiff Dwayne Melancon claims seaman status in the Complaint. (*See* Rec. Doc. 1).

onboard the tugboat, LOW LAND #5. Melancon alleges that the tugboat, which was time chartered by his employer, defendant Gaubert Oil Company, Inc. ("Gaubert"), and owned by defendant Low Land, allided with a rock barge while pushing the barge, GOCO 5. As a result of the allision, Melancon alleges that he fell down a stairwell on the tugboat, causing injuries to his left wrist and lumbar spine. Melancon attributes the allision to steering failure, machinery or equipment failure and electrical failure onboard the tugboat.

Plaintiffs' lawsuit asserts, in part, negligence claims against both defendants for their alleged failure to furnish a safe workplace, as well as against Low Land, singularly, for its alleged failure to furnish a seaworthy vessel, properly maintain generators, sound appropriate alarms, and take appropriate steps to protect personnel onboard the tugboat, LOW LAND #5. (*See* Complaint, Rec. Doc. 1 at ¶¶ VII, VIII). Plaintiffs seek pecuniary and non-pecuniary damages, including punitive damages. (*See id.* at ¶¶ IX, X). Dwayne Melancon's wife and children, in particular, seek damages for loss of consortium, love and affection and services. (*Id.* at ¶ XII). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Low Land now moves for the dismissal of Plaintiffs' claims for non-pecuniary damages as unrecoverable under the Jones Act and general maritime law.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is bound to "accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be

resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Ultimately, "[a] complaint is subject to dismissal if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 214 (2007).

### III.　LAW AND ANALYSIS

Low Land argues that, under precedent of the Supreme Court of the United States and the Court of Appeals for the Fifth Circuit, a seaman cannot recover non-pecuniary damages under general maritime law. Beginning with *Miles v. Apex Marine Corp.*, the Supreme Court held that the survivors of a Jones Act seaman are precluded from recovering non-pecuniary damages via a cause of action for wrongful death under general maritime law. 498 U.S. 19, 31-33 (1990). The Court explained that, while the Jones Act and the Death on the High Seas Act ("DOHSA") supported a cause of action under general maritime law for wrongful death, damages under both were limited and did not include recovery for loss of society or lost future earnings. *Id.* at 31-32. Ultimately, the Court determined that in enacting the Jones Act and DOHSA, Congress had established a "uniform plan of maritime tort law." *Id.* at 37. Cognizant of the respective constitutional functions of Congress and the judiciary, the Court declined to sanction a judicially-created remedy that would exceed "the limits of Congress' ordered system of recovery for seamen's injury and death." *Id.* at 36.

Following *Miles*, the scope of the ban on non-pecuniary damages under the general maritime law was, at least for some time, a legitimate area of dispute. In *Guevara v. Maritime Overseas Corp.*, the Fifth Circuit applied the "principle of uniformity" articulated in *Miles* to preclude an injured Jones Act seaman from recovering punitive damages for his employer's willful and wanton disregard of its obligation under general maritime law to pay maintenance and cure. 59 F.3d 1496, 1513 (5th Cir. 1995). Later, in *Scarborough v. Clemco Indus.*, the Fifth Circuit again

invoked *Miles'* principle of uniformity to hold that neither a Jones Act seaman nor his survivors can recover non-pecuniary losses from a non-employer. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004).

Much of the debate over the reach of *Miles* and its principle of uniformity stems from *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009). There, the Supreme Court reigned in the ban on non-pecuniary damages in the general maritime law, overruling *Guevara* and holding that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation. *Id.* at 424. Notably, *Townsend* distinguished itself from *Miles* rather than abrogate it. *See id.* at 420-21 ("The reasoning of *Miles* remains sound."). Unlike the wrongful death claim and damages addressed in *Miles*, the Court explained that general maritime law had recognized the claim (maintenance and cure) and remedy (punitive damages) at issue in *Townsend* prior to the passage of the Jones Act, and the Jones Act addresses neither claim nor remedy. *Id.* at 420. "It is therefore possible," concluded the Court, "to adhere to the traditional understanding of maritime actions and remedies without abridging or violating the Jones Act; unlike wrongful-death actions, this traditional understanding is not a matter to which 'Congress has spoken directly.'" *Id.* at 420-21.

Since *Townsend*, the Fifth Circuit, sitting *en banc*, has reaffirmed *Miles* and its principle of uniformity, holding that neither an injured seaman nor his survivors can recover punitive damages from an employer for negligence or unseaworthiness under general maritime law. *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391 (5th Cir. 2014). The court noted that "the Jones Act applies to both injured seamen and those killed through the negligence of their employer," and it found "no reason why [*Miles'*] holding would not apply to an injury case" predicated on unseaworthiness under general maritime law or negligence under the Jones Act. *Id.*

4

at 388. Accordingly, because punitive damages "are designed to punish the wrongdoer rather than compensate the victim [or his survivors]," the Court concluded that punitive damages fell under the forbidden category of non-pecuniary damages in wrongful death and personal injury cases involving Jones Act seamen. *Id.* at 391.

Most recently, the sections of this district court appear united in their understanding and application of *Miles*, *Townsend*, and *McBride* to claims of wrongful death and personal injury. *See Wade v. Clemco Industries Corp.*, 2017 WL 434425, *5 (E.D.La. Feb. 1, 2017) (J. Fallon) ("[T]he Fifth Circuit has now made it clear that under the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses."); *Rinehart v. Nat'l Oilwell Varco, L.P.*, 2017 WL 1407699, at *4 (E.D.La. Apr. 20, 2017) (J. Fallon) (same); *Bell v. Foster Wheeler Energy Corp.*, 2017 WL 889074, at *4 (E.D.La. Mar. 6, 2017) (J. Africk) (holding that a seaman's representative cannot recover non-pecuniary damages in a wrongful death action under general maritime law); *Rockett v. Belle Chasse Marine Transp., LLC*, 2017 WL 2226319, at *4 (E.D.La. May 22, 2017) (J. Lemmon) (refusing to limit *Scarborough*, *McBride*, and *Wade* to wrongful death cases); *Schutt v. Alliance Marine Services LP*, 2017 WL 2313199, *2 (E.D.La. May 26, 20170 (J. Lemelle) (same). In line with these decisions, this Court finds in the present case that *Miles* and its progeny, particularly the Fifth Circuit's decisions in *Scarborough* and *McBride*, preclude Dwayne Melancon from recovering non-pecuniary damages against Low Land under general maritime law.

Arguing in the alternative, Plaintiffs contend that the Court should not extend its rationale in prohibiting Dwayne Melancon's claims to those of his wife and children. (Rec. Doc. 11 at p. 5). However, Plaintiffs do cite any authority for their position and the Court does not agree that controlling jurisprudence would treat the claims of an injured seaman's family members

5

differently than those of a deceased. In fact, in *Michel v. Total Transport., Inc.*, the Fifth Circuit addressed this very issue. 957 F.2d 186, 191 (1992). There, the court held that the wife of an injured seaman could not recover damages for loss of consortium in a general maritime law personal injury action. *Id.* In so holding, the court agreed with the defendant that "the difference between a wrongful death action and a personal injury claim is insignificant." *Id.*

I. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Low Land's motion to dismiss (Rec. Doc. 10) is **GRANTED** and that Dwayne Melancon and his family members' claims against Low Land for non-pecuniary damages are **DISMISSED WITH PREJUDICE**. Such claims include those for punitive damages unrelated to maintenance and cure, as well as those for loss of consortium, loss of love, loss of affection, and loss of services.[2]

New Orleans, Louisiana, this 10th day of August 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs do not challenge Low Land's characterization of these losses as non-pecuniary damages.